NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY and THE NORTH RIVER INSURANCE COMPANY, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : : | Civil Action No. 07-CV-1153 (DMC) |
| WORLD TRUCKING, INC., WORLD TRUCKING EXPRESS, INC., XTRA CORPORATION, | : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Valerie Carlson in support of a Motion to Intervene pursuant to FED. R. CIV. P. 24. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. On January 24, 2008, the Court instructed all parties by letter to address the possibility of a *sua sponte* transfer of venue in this matter. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that venue is transferred *sua sponte* from the United States District Court for the District of New Jersey ("D.N.J.") to the United States District Court for the Eastern District of Tennessee ("E.D. Tenn.").

I.    BACKGROUND

Valerie Carlson, individually and as administratrix to the estate of Melissa Carlson Armstrong, has contingent tort claims against World Trucking, Inc. and World Trucking Express, Inc. (collectively, "Defendants"). Carlson now seeks to intervene in a declaratory judgment action

involving policies issued by Plaintiffs United States Fire Insurance Company and The North River Insurance Company (collectively, "Plaintiffs") to Xtra Corporation ("Xtra").

On March 7, 2004, a tractor trailer, allegedly being operated by World Trucking, was involved in an accident (the "Accident"). Three lawsuits were filed against World Trucking and other parties in connection with the Accident (the "Underlying Cases"), including one instituted by Carlson. The tractor involved in the Accident was allegedly hauling a trailer leased to World Trucking by Xtra Lease, a subsidiary of Xtra. Xtra, however, is not a defendant in any of the Underlying Cases. The Underlying Cases are ongoing and neither Carlson nor the other Plaintiffs in the Underlying Cases have obtained a judgment against World Trucking.

During the course of litigation in the Underlying Cases, World Trucking made a demand on U.S. Fire for coverage pursuant to the policy issued to Xtra, asserting additional insured status. U.S. Fire denied the claim on the grounds that the Xtra policy stated specifically that lessees of trailers are not insured entities under the Xtra policy. Plaintiffs then instituted the instant declaratory judgment suit against Defendants seeking a declaration that they have no obligation to reimburse any expense or liability incurred by World Trucking as a result of the Underlying Cases.

Following the institution of this declaratory judgment action, a second declaratory judgment action was instituted by Plaintiffs in the Underlying Cases in the E.D. Tenn. seeking a declaration that Plaintiffs "have a duty to indemnify the defendants, World Trucking, Inc.; World Trucking Express, Inc.; Nasko Nazov; and Marjan Milev, for the use and benefit of the plaintiffs for liability arising out of litigation pending in" the E.D. Tenn. Plaintiffs describe the action as one "present[ed] for declaratory judgment [as] an insurance coverage dispute." Plaintiffs have

moved to dismiss this second declaratory judgment action, alleging that Plaintiffs do not have

liquidated claims and, therefore, do not have standing to bring a direct action against Xtra's

insurers. Carlson filed the instant motion to intervene in this declaratory judgment action.

## II.  DISCUSSION

A court may transfer venue *sua sponte*. See Concession Consultants, Inc., v. Mirisch,

355 F.2d 369, 371 n.3 (2d Cir. 1966); see also 2-12 MOORE'S FEDERAL PRACTICE - CIVIL §

12.32. "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).

The Supreme Court of the United States has stated that "[t]o permit a situation in which

two cases involving precisely the same issues are simultaneously pending in different District

Courts leads to the wastefulness of time, energy, and money that §1404(a) was designed to

prevent." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). The purpose of

§1404(a) strongly favors transferring a case to a jurisdiction in which related matters are pending.

See Todd Shipyards Corp. v. Cunard Line Ltd., 708 F. Supp. 1440, 1447 (D.N.J. 1989).

Furthermore, the pendency in another jurisdiction of a prior related action involving the same set

of circumstances is another factor of great importance in exercising jurisdiction under the

Declaratory Judgment Act. See Koresko v. Nationwide Lief, 403 F. Supp. 2d 394, 404 (E.D. Pa.

2005).

The Court has broad discretion in deciding whether transfer is warranted and must

consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockment,

488 F.2d 754, 756 (3d Cir. 1973).  Although 28 U.S.C. § 1404 expressly includes three factors,

3

the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors are: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Deference to the plaintiff's selected forum may be overcome, however, "if the private and public interest factors clearly point toward trial in an alternative forum." Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D. N.J. 1998). Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D. D.C. 1981). Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit." Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D. N.J. 1990).

4

28 U.S.C. § 1404 does more than codify the doctrine of *forum non conveniens*; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law doctrine and it allows the District Court to exercise broader discretion in transferring the case under the statute than would be permitted under *forum non conveniens*. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of forum non conveniens, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). 28 U.S.C. § 1404(a) is intended to enlarge common law power under the doctrine of *forum non conveniens*; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc., 71 FRD 368 (D. S.C. 1976).

Questions concerning whether transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964); Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978).

In the current case, transfer of venue promotes the purpose of the Declaratory Judgment Act. When deciding whether to maintain jurisdiction over a declaratory judgment action, courts consider, *inter alia*, whether a declaratory judgment would settle the controversy, whether declaratory relief would serve a useful purpose in clarifying the legal relations at issue, whether the declaratory relief has been initiated to provide an arena for a race for *res judicata* and whether

an alternative remedy exists that is more effective. <u>See</u> <u>Aetna Casualty & Surety Co. v.</u> <u>Pellecchia</u>, No. 91-2323, 1991 WL 101457 (E.D. Pa. June 7, 1991) (citing <u>Am. HomeAssurance</u> <u>Co. v. Evans</u>, 791 F.2d 61, 63 (6th Cir. 1986).

The action pending in the E.D. Tenn. is a declaratory judgment action involving the same parties and others and addressing the same issues pending in this action. The E.D. Tenn. action was filed by Edward Dean Armstrong, Jr. and Susan K. Armstrong Gray as next of kin of the other members of Melissa Carlson's family who were killed in the accident. The Defendants in the E.D. Tenn. Action are U.S. Fire, North River, the driver of the tractor owned by World Trucking, other employees of World Trucking, Xtra, Valerie Carlson and others injured in the Accident. The Plaintiffs in the E.D. Tenn. Action allege that those non-insurance company defendants are "interested and necessary parties to this complaint seeking declaratory judgment against" Defendants. That lawsuit was filed on or about May 9, 2007. The E.D. Tenn. Action, like the New Jersey Action, seeks a declaratory judgment regarding whether the insurance policies issued by Defendants provide coverage to World Trucking and its employees.

The companion declaratory judgment actions brought in the E.D. Tenn. were consolidated with the underlying suit, bringing together all interested parties. The E.D. Tenn. has already determined that consolidation of all parties is appropriate. Transfer to the E.D. Tenn. will not prejudice any parties because all parties are named defendants in the E.D. Tenn. suit. Furthermore, the matter before the Court is a purely legal issue. Considerations regarding convenience to witnesses and access to evidence are irrelevant. Furthermore, this case has no meaningful connection to New Jersey. Therefore, the current case is transferred *sua sponte* to the E.D. Tenn.

This Court, therefore, lacks the requisite jurisdiction to address Carlson's Motion to Intervene pursuant to FED. R. CIV. P. 24.

**III.    CONCLUSION**

For the reasons stated, it is the finding of this Court that venue is transferred to the E.D. Tenn. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:           February 7, 2008
Orig.:          Clerk
cc:             Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File